IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BIANCA A. HUGHLEY,

    Plaintiff,

v.

                                Civil No. 25-2705-BAH

BALTIMORE COUNTY, MD., ET AL.

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Bianca A. Hughley ("Plaintiff") filed this lawsuit, ECF 1, accompanied by a motion for leave to proceed in forma pauperis, ECF 3. On August 18, 2025, Plaintiff filed an amended complaint. *See* ECF 6. Also pending before the Court is Plaintiff's "motion for order directing submission of last known address under seal for service of summons." ECF 4. Plaintiff's motion to proceed in forma pauperis is GRANTED. However, for the reasons stated herein, Plaintiff is DIRECTED to file a second amended complaint, and Plaintiff's motion for order directing submission of last known address is DENIED without prejudice as it is premature.

### I. BACKGROUND

Plaintiff raises allegations against Baltimore County, Maryland ("Baltimore County"), Seneca Bay Apartments (MD) Owner LLC, Erin Hartnett, Jennifer Morgan, Andy Rohn, Letecia Rollins, Police Chief Melissa Hyatt, Officer Robert Mazzuca, Officer William Frank Veney, Officer Brendan Alexander Huesman, Officer Carly Hilliard, Officer Brandon Greely, Elliot M. Latchaw, Sergeant Clifton Nelson, Officer Ian Morrisey, Officer Cassandra Paulshock, Lieutenant Jesse Callas, Corporal Kevin Warren Lehnert, Officer Scott Bachman, Sergeant Brenda Edelin,

Officer Thomas Nace, Officer Robert Brown, Officer Britton Buie, Officer Noppinger, and Captain Michael Fruhling (collectively "Defendants"). ECF 6, at 7. Plaintiff brings fourteen counts including: four claims alleging violation of the Fourteenth Amendment (Counts I–IV); four claims alleging violation of the Maryland Declaration of Rights (Counts V–VIII); five claims styled as Maryland common law claims (Counts IX–XIII), and one claim alleging the violation of the Maryland Consumer Debt Collection Act ("Count XIIII"). *Id.* at 35–103.

## II. ANALYSIS

### A. Plaintiff's Amended Complaint

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that the Court can ignore clear failures to comply with federal pleading standards. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985))).

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The rule is intended to: 'give fair notice of the claim

being asserted' to the adverse party; 'sharpen the issues to be litigated'; and 'confine discovery and the presentation of evidence at trial within reasonable bounds.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 701 (D. Md. 2017) (quoting *T.M. v. D.C.*, 961 F. Supp. 2d 169, 173–74 (D.D.C. 2013)). This Court's Local Rules also require that "[a]ny pleading that states a claim for relief shall set forth each count separately and provide a clear statement of the supporting facts for each count." Loc. R. 103.1(c) (D. Md. 2025). Local Rule 103 also limits complaints to forty (40) pages in length. *Id.* at (d). "A plaintiff's compliance with Rule 8 is 'ultimately left to the discretion of the trial court.'" *Plumhoff*, 286 F. Supp 3d at 702 (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999)). And while a pro se plaintiff is generally afforded more latitude than a party represented by counsel, "even *pro se* litigants [must] state their claims in a[n] understandable and efficient manner." *Stone*, 184 F.R.D. at 555.

The amended complaint fails to comply with the standards outlined in Rule 8 and the Local Rules. It is 105 pages in length, comprised of over 597 numbered paragraphs and raising allegations against dozens of people including an apartment manager, an apartment leasing agent, police officers, and others. *See* ECF 6. The amended complaint also contains details that do not appear to have any connection to the claims alleged, or, if they do, the Court cannot discern it. *See, e.g., id.* at 17 ¶ 32 (detailing Plaintiff's alleged wrongful termination by Baltimore County Police Department); at 18 ¶ 37 ("Tammy McCoy refused to open her window as she felt that opening the window increased her utility bill. This is what smokers refer to as hot boxing."); at 20 ¶ 49 ("Plaintiff Hughley's initial work assignment was in Oakland, California."); at 52 ¶ 268 ("How many people in Baltimore County have been arrested for a noise complaint?"). For certain counts, it is difficult to determine which of the twenty-five defendants are liable for the claims alleged. *See, e.g., id.* at 57 ¶ 295 ("The individual Defendants used excessive force against Plaintiff

Hughley . . . ."); at 59 ¶ 307 ("Officer Buie as well as the other defendant officers initiated and continued a criminal proceeding . . . ."); at 78 ¶ 431; ("[T]he Individual Defendants touched Plaintiff in unwelcome ways"). The Court "is not obliged to ferret through a [c]omplaint, searching for viable claims," *Wynn–Bey v. Talley*, Civ. No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012), and it will not do so here. As it stands, the amended complaint also "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be[.]" *Id.* (citing *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981)).

"'Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend.'" *Plumhoff*, 286 F. Supp. 3d at 704 (quoting *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977)). However, recognizing that Plaintiff is proceeding pro se, the Court will afford Plaintiff an opportunity to file a second amended complaint to provide brief, concise, and clear factual allegations as to each defendant in compliance with Fed. R. Civ. P. 8(a). Plaintiff is reminded that "[p]leadings should be no longer than necessary and . . . **shall not exceed forty (40) pages in length**." Loc. R. 103(1)(d) (emphasis added). Plaintiff is also reminded that the amended complaint replaces earlier complaints since the general rule is that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Therefore, the amended complaint must clearly identify precisely which defendant or defendants are allegedly liable for what claim or claims so that, if eventually served, Defendants can file a responsive pleading. Plaintiff is forewarned that failure to comply with this Order will result in dismissal of all claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Plaintiff's Motion for Order Directing Submission of Last Known Address Under Seal for Service

Plaintiff also filed a motion requesting that the Court order Baltimore County Police Department to provide the Clerk of Court with the last known residential or forwarding addresses of Defendants Police Chief Melissa Hyatt and Officer Ian Morrissey, because they are no longer employed with Baltimore County. *See* ECF 4. Because Plaintiff is required to file a second amended complaint, her motion will be denied as premature. Plaintiff may elect to file a renewed motion after the second amended complaint is filed and the Court determines that proceeding to service is appropriate.

Accordingly, it is this 25th day of November, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 3, is GRANTED;

2. Plaintiff is GRANTED twenty-eight (28) days from the date of this Order to file an amended complaint as directed above;

3. Plaintiff's motion for order directing submission of last known address under seal for service, ECF 4, is DENIED without prejudice as premature;

4. Plaintiff IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of this case without further notice; and

5. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge